UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------

UNITED STATES OF AMERICA

**MEMORANDUM & ORDER**

–against–                                             22-CR-151 (MKB)

RICHARD ROGERS,

Defendant.

-------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Richard Rogers pleaded guilty on April 2, 2024 to being a felon in possession of

ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1]  (Indictment ¶ 1, Docket

Entry No. 7; Min. Entry dated Apr. 2, 2024.)  On June 27, 2025, the Court sentenced Rogers to

77 months of imprisonment, with seven months to run concurrently for the violation of

supervised release of his Prior E.D.N.Y. Conviction, and two years of supervised release.  (J.,

Docket Entry No. 42.)  The Court also ordered Rogers to pay a special assessment fee of $100.

(*Id.*)

---

[1]  On May 26, 2021, Rogers pleaded guilty before the Court to being a felon in
possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Prior E.D.N.Y.
Conviction").  (Presentence Investigative Report ("PSR") ¶¶ 1, 3, 30, Docket Entry No. 33.)  *See
United States v. Rogers*, No. 19-CR-612, Min. Entry dated May 26, 2021 (E.D.N.Y. filed Dec.
13, 2019); *Rogers*, No. 19-CR-612, Min. Entry dated June 26, 2025.  The Court sentenced
Rogers to 24 months in custody and two years of supervised release for the Prior E.D.N.Y.
Conviction.  (PSR ¶¶ 3, 30.)  *Rogers*, No. 19-CR-612, Min. Entry dated Nov. 5, 2021; *Rogers*,
No. 19-CR-612, J., Docket Entry No. 28.  Rogers committed the current offense approximately
four months into his supervised release.  (PSR ¶¶ 3, 6–8.)  *Rogers*, No. 19-CR-612, Min. Entry
dated June 26, 2025.

On October 6, 2025, proceeding *pro se*, Rogers filed a motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2).[2]  On October 10, 2025, the Government opposed Rogers' motion.[3]  For the reasons set forth below, the Court denies Rogers' motion.

## I.    Background

On April 2, 2024, Rogers pleaded guilty before the Court to being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (PSR ¶ 1.)  The charge arises from conduct on March 13, 2022, when Rogers — while on supervised release for his Prior E.D.N.Y. Conviction — discharged a firearm into a Brooklyn commercial establishment after being ejected from a party following an argument with another guest.  (*Id.* ¶¶ 3, 5–7.) Surveillance footage showed Rogers and co-defendant Diamond Goins returning to the establishment shortly after their ejection and Rogers firing several rounds into the building, striking at least one victim and damaging the roll-down gate.  (*Id.* ¶ 6.)  After the shooting, Rogers handed the firearm to Goins as both fled from the establishment on foot.  (*Id.* ¶ 7.)  A New York Police Department ("NYPD") patrol car responded to the scene of the shooting and stopped Rogers, causing Goins to flee with the firearm.  (*Id.*)  NYPD officers recovered two .380-caliber shell casings outside the establishment.  (*Id.* ¶ 6.)  Rogers later admitted to being intoxicated at the time of the shooting.  (*Id.* ¶ 61.)

---

[2]  On October 6, 2025, the Court received a letter from Rogers filing his Motion for a Reduction of Sentence, asking for relief and for counsel to be appointed.  (Def.'s Mot. for Sentence Reduction ("Def.'s Mot."), Docket Entry No. 44.)  Subsequently, on October 24, 2025, the Court received a second letter from Rogers, dated October 8, 2025, entitled "Motion for Reduction of Sentence," which appears to be a memorandum of law in support of his Motion. (Def.'s Mem. in Supp. of Def.'s Mot. ("Def.'s Mem."), Docket Entry No. 46.)  The Court refers to both letters collectively as the Motion.

[3]  (Gov't Opp'n to Def.'s Mot. ("Gov't's Opp'n"), Docket Entry No. 45.)

NYPD officers arrested Rogers that same day, on March 13, 2022, and he was transferred into federal custody on March 22, 2022.  (*Id.* ¶ 8.)  On April 4, 2022, a grand jury returned an Indictment against Rogers on one count of being a felon in possession of a firearm.  (Indictment ¶¶ 1–2.)  On April 2, 2024, Rogers pleaded guilty to the sole count of the Indictment.  (Min. Entry dated Apr. 2, 2024.)

The U.S. Probation Department ("Probation") used the 2024 United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") to calculate a total offense level of 25, and a criminal history score of 15 resulting in a criminal history category of VI.  (PSR ¶¶ 12–22, 31–33; *see also* Add. to the Presentence Report (the "PSR Addendum") ¶ 12, Docket Entry No. 38.) As part of that calculation, pursuant to U.S.S.G. §4A1.1(e), Probation included one additional point to Rogers' criminal history score because Rogers' "criminal history points . . . total seven or more points and [Rogers] committed the instant offense while under a criminal justice sentence, specifically, the term of supervised release [from his Prior E.D.N.Y. Conviction]." (PSR ¶ 32.)  Probation determined the advisory Guidelines range to be 110 to 137 months of imprisonment, (*id.* ¶ 75), and an advisory Guidelines range of one to three years of supervised release, (*id.* ¶ 77).

Rogers objected to the PSR arguing the total offense level should be 21 rather than 25, and his criminal history score should be 13 rather than 15, resulting in an unchanged criminal history category of VI, and a reduced advisory Guidelines range of 77 to 96 months.[4]  (Def.'s Sent'g Mem. 4.)  Based upon this objection, Probation amended the PSR.  (PSR Add. ¶¶ 31–33.)

---

[4]  Specifically, Rogers argued Probation's calculation did not take into account U.S.S.G. § 4A1.2(d), because his youthful offender conviction from 2013 should have been excluded from his criminal history and offense level calculation.  (Def.'s Sent'g Mem. 4, Docket Entry No. 36.) The Government conceded that Rogers had a valid objection and agreed to the revised calculation.  (Gov't Sent'g Mem. 2 n.1, Docket Entry No. 37.)

The PSR Addendum calculated a total offense level to 21 and criminal history score of 13, resulting in a criminal history score of VI.[5]  (PSR Add. ¶¶ 12–22, 31–33; Second PSR Add. ¶¶ 31–33.)  These changes resulted in a Guidelines range of imprisonment of 77 to 96 months. (PSR ¶ 75.)

Both Rogers and the Government submitted their respective sentencing memoranda on June 3, 2025 and June 10, 2025.  (Def.'s Sent'g Mem. 4; Gov't's Sent'g Mem. 2.)  Rogers requested a non-Guidelines sentence of 53 months of imprisonment, which would represent a downward variance of 24 months, based on the sentencing factors set forth in 18 U.S.C. § 3553(a) ("Section 3553(a)").  (Def.'s Sent'g Mem. 3–4.)  Rogers argued this was an "appropriate incremental punishment" given 53 months would double the Court's previous sentence for his Prior E.D.N.Y. Conviction and would "acknowledge the several other circumstances . . . which set [ ] Rogers apart from the mine-run defendant."  (*Id.* at 4.)  The Government argued that the Court should impose a sentence within the applicable Guidelines range.  (Gov't's Sent'g Mem. 3–6.)  The Government argued that the Section 3553(a) factors "overwhelmingly support[ed] the need for a Guidelines sentence."  (*Id.* at 5.)

On June 26, 2025, the Court sentenced Rogers to 77 months of imprisonment, with seven months to run concurrently for the violation of supervised release of his Prior E.D.N.Y. Conviction, two years of supervised release, and a special assessment fee of $100.  (J.; Min. Entry dated June 26, 2025.)  At the sentencing hearing, the Court adopted the PSR, as amended by the PSR Addendum and the Second PSR Addendum, and the Guidelines' calculation without

---

[5]  The PSR Addendum incorrectly listed a criminal history score of 14.  (PSR Add. ¶ 33.) A Second Addendum to the Presentence Report (the "Second PSR Add.") corrected this mathematical error noting that it should have been listed as 13.  (Second PSR Add. ¶ 33, Docket Entry No. 40.)  The Court notes that as to ¶ 32 of the PSR Addendum and Second PSR Addendum, Probation did not change the additional point under U.S.S.G. § 4A1.1(e).

objection from either party.  (Tr. of June 26, 2025 Sent'g Hr'g 3:17–4:9.)  After considering the

Section 3553(a) factors, the Court sentenced Rogers to the lowest end of the Guidelines' range.

(*Id.* at 11:9–15:17.)

## II. Discussion

### a. Standard of review

When a defendant "has been sentenced to a term of imprisonment based on a sentencing

range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. §

3582(c)(2) ("Section 3582(c)(2)") provides that "the court may reduce the term of imprisonment,

after considering the factors set forth in section 3553(a) to the extent that they are applicable, if

such a reduction is consistent with applicable policy statements issued by the Sentencing

Commission."  18 U.S.C. § 3582(c)(2); *see United States v. Ahmed*, No. 24-2629, 2025 WL

2867105, at *1 (2d Cir. Oct. 9, 2025) ("In considering a Section 3582(c)(2) motion . . . a

[d]istrict [c]ourt is required to 'consider whether a sentence reduction is warranted based on the

sentencing factors in section 3353(a) and any applicable policy statements issued by the

Sentencing Commission.'" (quoting *United States v. Williams*, 102 F.4th 618, 623 (2d Cir.

2024))); *United States v. Laporta*, No. 24-1735, 2025 WL 1202094, at *1 (2d Cir. Apr. 25, 2025)

("Section 3582(c)(2) provides that when a defendant 'has been sentenced to a term of

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

Commission,' 'the court may reduce the term of imprisonment, after considering the factors set

forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent

with applicable policy statements issued by the Sentencing Commission.'" (quoting 18 U.S.C. §

3582(c)(2))).  Reductions are therefore authorized only if they are consistent with the Sentencing

Commission's policy statements — "namely [Guidelines] § 1B1.10."  *Dillon v. United States*,

560 U.S. 817, 826 (2010) ("Section 3582(c)(2) instructs a district court to 'conside[r] the factors

set forth in section 3553(a) to the extent that they are applicable,' but it authorizes a reduction on

that basis only 'if such a reduction is consistent with applicable policy statements issued by the

Sentencing Commission' — namely, § 1B1.10.")[6]  Section 3582(c)(2) thus establishes the

following "two-step inquiry": "A court must first determine that a reduction is consistent with

§ 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole

or in part, according to the factors set forth in § 3553(a)."  *Id.*; *United States v. Jacklyn*, No. 24-

1817, 2025 WL 1216675, at *2 (2d Cir. Apr. 28, 2025) ("District courts must follow a two-step

process when deciding whether to reduce a defendant's sentence under Section 3582(c).  First,

the court must determine whether the defendant is eligible for a sentence reduction under the

amendment to the Guidelines . . . [and second,] the district court must . . . consider . . . whether

the section 3553(a) factors weigh in favor of a reduction."); *Williams*, 102 F.4th at 623 ("[A]

district court must determine 'whether the defendant is eligible for a reduction by calculating the

Guidelines range that would have been applicable had the amended Guidelines been in place at

the time the defendant originally was sentenced.'  If the defendant is found to be eligible, the

district court must still consider whether a sentence reduction is warranted based on the

sentencing factors in section 3553(a) and any applicable policy statements issued by the

Sentencing Commission." (citations omitted) (first quoting *United States v. Wilson*, 716 F.3d 50,

52 (2d Cir. 2013); and then citing *Dillon*, 560 U.S. at 827)); *see also United States v. Cordero*,

---

[6] Although the Supreme Court decided *Dillon v. United States*, 560 U.S. 817 (2010) based on versions of Section 3582 and the Guidelines that have since been amended, the language that applies to this case has remained the same: Section 3582 has been amended only once since *Dillon*, but subsection (c)(2) was left unchanged.  *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).  Section 1B1.10 of the Guidelines remains the "policy statement governing § 3582(c)(2) proceedings."  *See Dillon*, 560 U.S. at 819; U.S.S.G. § 1B1.10(a)(1) ("As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.").

No. 17-CR-150, 2025 WL 1779179, at *1 (D. Conn. June 27, 2025) ("Courts must apply a 'two-step approach': (1) 'determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized,'; and (2) 'consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'"  (alteration in original) (quoting *Dillon*, 560 U.S. at 827)); *United States v. Barret*, 777 F. Supp. 3d 174, 177 (E.D.N.Y. 2025) ("Section 3582(c)(2) 'thus establishes the following two-step inquiry: A court must first determine that a reduction is consistent with [U.S.S.G.] § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" (alteration in original) (quoting *United States v. Williams*, No. 20-CR-404, 2025 WL 660213, at *12 (E.D.N.Y. Feb. 28, 2025))); *United States v. Osorio*, No. 13-CR-426, 2024 WL 308274, at *1 (E.D.N.Y. Jan. 26, 2024) (concluding at step one that "[a]ny reduction to [the defendant's] sentence would be inconsistent with § 1B1.10 and, therefore, unauthorized"); *United States v. Ross*, No. 15-CR-95, 2024 WL 149130, at *2 (S.D.N.Y. Jan. 12, 2024) (denying appointment of counsel after applying the two-step inquiry and finding the defendant ineligible for a sentence reduction).

Pursuant to Section 1B1.10 of the Guidelines, a court "determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted" must first "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced."  U.S.S.G. § 1B1.10(b)(1).  Among the amendments listed in subsection (d) of Section 1B1.10 is Amendment 821, which went into effect on November 1,

2023 and was applied retroactively.[7] *See United States v. Major*, No. 23-6166, 23-6187, 2024 WL 1404577, at \*4 (2d Cir. Apr. 2, 2024) (explaining that "the Sentencing Commission has made [Amendment 821] retroactive, thereby authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2)"); *United States v. Garcia*, No. 20-CR-673, 2024 WL 586459, at \*1 (S.D.N.Y. Feb. 12, 2024) (noting that Amendment 821 "went into effect on November 1, 2023 and applies retroactively").  Part A of Amendment 821 modified the calculation of "status points" added to a defendant's criminal history score under U.S.S.G. § 4A1.1 ("Amendment 821" or the "Amendment").  In its previous form, § 4A1.1(d) instructed as follows: "Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."  U.S. Sent'g Comm'n, Amend. to the Sent'g Guidelines, 88 Fed. Reg. 28,254, 28,270 (May 3, 2023).  Amendment 821 eliminated this subsection and replaced it with the following provision: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."  *Id.*; U.S.S.G. § 4A1.1(e).

The Sentencing Commission's policy statements further provide that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if" the amendment at issue "does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B); *see also Williams*, 102 F.4th at 622 (noting that the Guidelines "forbid[s] sentence reductions if the amendment 'does not have the effect of lowering the defendant's applicable guideline range'"

---

[7] U.S. Sent'g Comm'n, *Amendment 821*, https://www.ussc.gov/guidelines/amendment/821 (last visited Nov. 4, 2025).

(quoting U.S.S.G. § 1B1.10(a)(2)(B))); *United States v. King*, 813 F. App'x 690, 692 (2d Cir. 2020) (observing that a "sentencing court cannot reduce [a] defendant's sentence if [the relevant] retroactive amendment 'does not have the effect of lowering the defendant's applicable guideline range'" (quoting U.S.S.G. § 1B1.10(a)(2)(B))); *United States v. Ajelero*, No. 17-CR-546-2, 2024 WL 5105550, at *3 (E.D.N.Y. Dec. 13, 2024) (explaining that a sentencing reduction under Amendment 821 "may be applied retroactively unless the reduction 'does not have the effect of lowering the defendant's applicable guideline range'" (quoting U.S.S.G. § 1B1.10(a)(2)(B))).

### b. Rogers is not entitled to a reduction because Amendment 821 does not change his applicable Guidelines range

Rogers seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), citing Part A of Amendment 821 to the United States Sentencing Guidelines.  (Def.'s Mot. 1; Def.'s Mem. 1, 3–5.)  Rogers argues that the Sentencing Commission's November 2023 Amendment to U.S.S.G. § 4A1.1 (with an effective date of November 1, 2023 and retroactively applicable), which reduced the number of "status points" assessed for defendants who commit offenses while under a criminal justice sentence under the former § 4A1.1(d) as amended by § 4A1.1(e), should lower his criminal history score and, by extension, his applicable Guidelines range.  (Def.'s Mot. 1; Def.'s Mem. 4–5.)  *See* Amend. 821 to U.S.S.G. § 4A1.1.  He contends that under the revised formula, he would receive fewer points under U.S.S.G. § 4A1.1(e), resulting in "a lesser criminal history according to [his] PSR."  (Def.'s Mot. 1; Def.'s Mem. 4–5.)  Rogers therefore argues that he is "eligible for relief" under Section 3582(c)(2) because the Amendment constitutes a "retroactive change" that affects his sentencing's calculation.  (Def.'s Mot. 1; Def.'s Mem. 4–5.)

The Government opposes Rogers' request for a sentence reduction, arguing that he is ineligible for relief under 18 U.S.C. § 3582(c)(2) and that, in any event, the Section 3553(a) factors do not support a reduced sentence.  (Gov't Opp'n 1.)  The Government contends that

Rogers cannot satisfy either step of the inquiry described in *Dillon*.  (*Id.* at 2.)  First, the Government argues that Rogers has made no showing that his applicable Guidelines range "has subsequently been lowered by the Sentencing Commission."  (*Id.* at 1.)  Rogers "offers no meaningful argument how the computation was inaccurate (let alone changed by the amendment); he just generically claims that it is."  (*Id.* at 2.)  The Government argues that such a conclusory assertion is insufficient to meet the statute's threshold requirement.  (*Id.*)  Regardless, the Government explains that Amendment 821, which modified the computation of criminal history "status points," took effect in November 2023 — nearly two years before Rogers was sentenced.  (*Id.*)  As such, the Amendment's effect was "already factored into the Guidelines calculation used at Rogers' sentencing," which was based on the 2024 Guidelines Manual "incorporating all [G]uideline amendments."  (*Id.*)  The Government maintains that the Amendment therefore "cannot have lowered the Guidelines range post-judgment" and that no reduction is authorized under Section 3582(c)(2).  (*Id.*)  Second, the Government argues that even if the Court finds the Amendment would have impacted Rogers' sentencing, Rogers cannot satisfy the second step of the *Dillon* framework because the Section 3553(a) factors continue to weigh against any reduction.  (*Id.*)  The Government argues that "nothing has changed" since Rogers was sentenced less than four months ago and the 77-month sentence imposed (which was the lowest end of the applicable Guidelines range) reflected the Court's consideration of Rogers' repeated firearm offenses, including that he committed the instant offense while on supervised release for the Prior E.D.N.Y. Conviction.  (*Id.* at 1–2.)  Thus, those same factors supported the sentence then and "remain[] so" now.  (*Id.* at 2 (citing Gov't's Sent'g Mem.).)

Rogers' motion fails at the first of the two-step inquiry established by *Dillon* because Amendment 821 does not "have the effect of lowering [his] applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B); *Dillon*, 560 U.S. at 827 ("At step one, § 3582(c)(2) requires the

court to follow the Commission's instructions in § 1B1.10 to determine the [defendant's] eligibility for a sentence modification and the extent of the reduction authorized.  Specifically, § 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." (alteration in original) (quoting U.S.S.G. § 1B1.10(b)(1))); *see Williams*, 102 F.4th at 623 ("[A] district court must determine 'whether the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the defendant originally was sentenced.'" (quoting *Wilson*, 716 F.3d at 52)); *United States v. Duverne*, No. 22-CR-366, 2025 WL 2910553, at *1 (S.D.N.Y. Oct. 14, 2025) ("Pursuant to Section 1B1.10(b)(1) of the Guidelines, '[i]n determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted' pursuant to Amendment 821, the [c]ourt first 'shall determine the amended guideline range that would have been applicable to the defendant if' Amendment 821 'had been in effect at the time the defendant was sentenced.'" (first alteration in original) (quoting U.S.S.G. § 1B1.10(b)(1))).  Under Section 3582(c)(2), the Court may reduce a sentence only where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has *subsequently been lowered* by the Sentencing Commission" — something Rogers fails to establish.  *See Williams*, 102 F.4th at 622 (characterizing U.S.S.G. § 1B1.10(a)(2)(B) as "forbidding sentence reductions if the amendment 'does not have the effect of lowering the defendant's applicable guideline range'" (quoting U.S.S.G. § 1B1.10(a)(2)(B))); *United States v. Jarvis*, 883 F.3d 18, 21 (2d Cir. 2018) (affirming that a reduction is unauthorized if an amendment "does not have the effect of lowering the defendant's applicable guideline range" (quoting *United States v. Williams*, 551 F.3d 182, 186 (2d. Cir. 2009))); *Dillon*, 560 U.S. at 826 (holding that Section 3582(c)(2) proceedings are limited in scope and that a court must first

11

determine that a reduction is consistent with § 1B1.10 before considering whether the authorized

reduction is warranted under Section 3553(a)); *Williams*, 2025 WL 660213, at *13 ("'A

reduction in the defendant's term of imprisonment is not consistent with this policy statement

and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if' the amendment at issue 'does not

have the effect of lowering the defendant's applicable range.'" (quoting U.S.S.G. §

1B1.10(a)(2)(B))).  Thus, because Amendment 821 does not change the applicable Guidelines

range applied at Rogers' sentencing, the Court lacks authority to act.  *See King*, 813 F. App'x at

692 (where retroactive Guidelines amendment had "no impact" on defendant's Guidelines range,

the court found defendant's argument to reduce his sentence "foreclose[d]"); *Duverne*, 2025 WL

2910553, at *2 (denying defendant's motion for a sentence reduction where "[d]efendant already

received the offense level reduction that he [sought]" and thus "[did] not have an amended

Guidelines range in light of Amendment 821"); *United States v. Cahuana-Barrientos*, No. 19-

CR-91-12, 2025 WL 2720571, at *2 (S.D.N.Y. Sep. 24, 2025) (finding defendant was "not

entitled by Amendment 821 to any further decrease in his sentence" because Amendment 821

"was fully in effect at the time of his sentencing and applied by the [c]ourt"); *Barret*, 777 F.

Supp. 3d at 177–78 ("Because Amendment 821 does not change [defendant's] Guidelines range,

[defendant] is ineligible for a sentence reduction under § 3582(c)(2).").

Amendment 821 does not lower the Guidelines range that the Court applied at Rogers'

sentencing because it was already in effect when the Court sentenced Rogers.  The PSR, as

amended by the PSR Addendum and the Second PSR Addendum, calculated Rogers' Guidelines

range based on the 2024 Guidelines Manual, incorporating all Guidelines amendments, and thus

includes Amendment 821, which was effective as of November 1, 2023.  (PSR ¶ 12; PSR Add. ¶

12.)  In addition, the PSR and PSR Addendum specifically use the new formulation under

U.S.S.G. § 4A1.1(e) to add one additional point to Rogers' criminal history score, not the

outdated formulation under former U.S.S.G. § 4A1.1(d) which would have added two points. (PSR ¶ 32; PSR Add. ¶ 32.)  Thus, Amendment 821 does not have the effect of lowering the Guidelines range because it was already in effect at the time of Rogers' sentencing, and the Court applied it in determining the applicable advisory Guidelines range.

Courts in this Circuit have similarly declined motions for a sentence reduction under Section 3582(c)(2) where Amendment 821 did not impact or change the defendant's Guidelines range.  In *Cahuana-Barrientos*, 2025 WL 2720571, a strikingly similar case, the defendant argued he was entitled to a sentence reduction because Amendment 821's change to § 4A1.1(e) would have subsequently lowered his sentence.  *Id.* at *2.  The court found "no basis for a reduction of the defendant's sentence" because "Amendment 821 . . . was fully in effect at the time of [defendant's] sentencing and applied by the [c]ourt when it determined [the defendant's resulting guidelines range]."  *Id.*  Similarly in *Barret*, 777 F. Supp. 3d 174, the court held that "[b]ecause Amendment 821 d[id] not change [the defendant's] Guidelines range, [the defendant] [was] ineligible for a sentence reduction under § 3582(c)(2)," and thus the Court "need not consider whether an 'authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a).'"  *Id.* at 177–78 (quoting *Williams*, 2025 WL 660213, at *12); *see also Duverne*, 2025 WL 2910553, at *1–2 (denying the defendant's request for a sentence reduction "[b]ecause [the] [d]efendant already received the offense level reduction that he now seeks" so "he [did] not have an amended Guidelines range in light of Amendment 821").

13

Because Rogers has failed to establish that Amendment 821 subsequently lowered the applicable Guidelines range used at his sentencing, the Court denies Rogers' motion for a reduction to his sentence.[8]

In view of the Court's determination that Rogers is not entitled to the relief requested under Section 3582(c)(2), his request for the appointment of counsel is also denied.  (Def.'s Mot. 1.)  *See United States v. Hoousendove*, 545 F. App'x 37, 38 (2d Cir. 2013) ("There is no statutory right to counsel . . . in connection with a § 3582(c) motion, and the provision of counsel for such motions is left to the discretion of the district court . . .. The merits of the motion are a 'significant factor in the exercise of that discretion.'" (quoting *United States v. Reddick*, 53 F.3d 462, 465 n.2 (2d Cir. 1995));  *United States v. Cirineo*, 372 F. App'x 178, 179–80 (2d Cir. 2010) (affirming district court's denial of defendant's motion for appointment of counsel "where it was readily ascertainable from the record that [the defendant] was ineligible for a reduction in sentence"); *Barret*, 777 F. Supp. 3d at 178–79 (finding "there [was] no need to appoint counsel" where the defendant was "ineligible for a sentencing reduction" under Amendment 821); *Ross*, 2024 WL 149130, at *2 (same); *United States v. Stevens*, No. 16-CR-311, 2021 WL 1373611, at *2–3 (S.D.N.Y. Apr. 12, 2021) (denying defendant's request for assignment of counsel because "Section 3852(c)(2) provide[d] no basis for relief"); *United States v. Dean*, 473 F. Supp. 3d 207,

---

[8]  Because the Court denies the motion at the first step of the *Dillon* analysis, the Court declines to address whether the § 3553(a) factors weigh in favor of a reduction of Rogers' sentence.  *See United States v. King*, 813 F. App'x 690, 692 (2d Cir. 2020) (where retroactive Guidelines amendment had "no impact" on defendant's Guidelines range, defendant's argument for a sentence reduction was "foreclose[d]"); *United States v. Duverne*, No. 22-CR-366, 2025 WL 2910553, at *1–2 (S.D.N.Y. Oct. 14, 2025) (denying defendant's motion to reduce his sentence after concluding he did "not have an amended Guidelines range in light of Amendment 821" and not discussing Section 3553(a) factors); *United States v. Barret*, 777 F. Supp. 3d 174, 178 (E.D.N.Y. 2025) ("[B]ecause there [was] no change in [the defendant's] Guideline sentencing range, [the court] need not consider whether an 'authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a).'" (fifth alteration in original) (quoting *King*, 813 F. App'x at 692)).

209 (W.D.N.Y. 2020) (denying defendant's request for assignment of counsel because "there

[was] no merit to [d]efendant's request for relief" for his 18 U.S.C. § 3582(c) motion).

### III. Conclusion

For the foregoing reasons, the Court denies Rogers' motion for a sentence reduction

pursuant to 18 U.S.C. § 3582(c)(2) and his request for assignment of counsel.

Dated:  November 7, 2025
        Brooklyn, New York

                              SO ORDERED:


                              _____s/ MKB_____
                              MARGO K. BRODIE
                              United States District Judge